IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

THE ESTATE OF BETTY SUE DUNN GRAY,
Wilburn Gray, as Administrator of the Estate of
Betty Sue Dunn Gray; WILBURN GRAY, individually
and on behalf of all Wrongful death beneficiaries of
Betty Sue Dunn Gray; RONNIE BROWN,
individually and on behalf of all Wrongful
death beneficiaries of Betty Sue Dunn Gray;
WILLIAM BROWN, individually and on behalf
of all Wrongful death beneficiaries of
Betty Sue Dunn Gray                                                                  PLAINTIFFS

V.                                                          CAUSE NO.: 1:15CV061-SA-DAS

SCOTT DALTON, individually and in his
official capacity as officer for the Alcorn County
Sheriff's Department; CHARLES RINEHART,
in his official capacity as Sheriff of Alcorn County,
Mississippi and as supervisor of Scott Dalton;
ALCORN COUNTY, MISSISSIPPI, a political
subdivision of the State of Mississippi; and
JOHN DOES 1-10                                                                      DEFENDANTS

ORDER ON RECONSIDERATION

The Court entered a Memorandum Opinion and Order on January 6, 2017 granting in part and denying in part the Defendants' Motion for Summary Judgment. Those Defendants have asked for a reconsideration of three points: (1) the Court's denial of qualified immunity for the individual officer, (2) the Court's lack of finding as to the County's liability under the Fourth Amendment, and (3) the Court's denial of summary judgment as to Plaintiffs' state law wrongful death and gross negligence claims. After reviewing the motion, responses, rules and authorities, the Court hereby GRANTS IN PART the request for reconsideration and alters its judgment as follows:

As noted in the Memorandum Opinion, Wilburn Gray claimed that Defendants illegally detained him in violation of the Fourth Amendment at the Alcorn County Jail from December 23 until December 26 without a judicial hearing on probable cause being held.

The Court held that based on the United States Supreme Court's general presumption that "[j]udicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*", *County of Riverside v. McLaughlin*, 500 U.S. 44, 56, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991), together with the state statute citing 48 hours as the threshold for probable cause hearings, and no explanation from the Defendants as to why there would be that delay, that the "clearly established" prong of the qualified immunity analysis was satisfied. The Court then found that genuine issues of material fact as to whether Dalton's actions were objectively reasonable existed based on the absence of a factual record.

Defendants now seek reconsideration based on a recent United States Supreme Court proclamation regarding the blanket of qualified immunity. Defendants are entitled to qualified immunity if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, No. 16-67, 580 U.S. ——, 137 S. Ct. 548, 552, 2017 WL 69170, at *4 (Jan. 9, 2017) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015)). A right is clearly established if it is sufficiently clear that "every reasonable officer" would have understood that what he is doing violates that right. *Mullenix*, 136 S. Ct. at 308, 193 L. Ed. 2d 255 (quoting *Reichle v. Howards*, 566 U.S. 658, 132 S. Ct. 2088, 2093, 182 L. Ed. 2d 985 (2012)). The Supreme Court has repeatedly instructed that courts must not define clearly established law "at a high level of generality." *White*, 137 S. Ct. at 552; *see also Mullenix*, 136 S. Ct. at 308, 193 L. Ed. 2d 255; *City & Cty. of San Fran., Cal. v. Sheehan*, 135 S. Ct. 1765, 1775-76, 191 L. Ed. 2d 856 (2015). Instead, the Court must identify

clearly established law which is "particularized" to the facts of the case. *White*, 137 S. Ct. at 552 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). Although the Supreme Court does not require a case directly on point, existing precedent must have placed the statutory or constitutional question "beyond debate." *Id*. at 551 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741-42, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)).

Instead of focusing on the more general constitutional issue regarding time, the Court should have, and now does, examine the facts and circumstances of this particular case to determine whether Wilburn Gray's constitutional rights were affected.

Here, Wilburn Gray was physically arrested by Deputy Scott Dalton who immediately handed Gray over to Deputy David Harrison for transport to the Alcorn County Jail. Dalton was soon thereafter placed on administrative leave due to his role in the shooting incident. Dalton was not released from administrative leave until January or February of the next year. The record is undisputed in these regards.

Plaintiff failed to put forth any case law showing facts approximating those present here. The United States Supreme Court recently admonished a lower court for "fail[ing] to identify a case where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment." *White*, 137 S. Ct. at 552. The Supreme Court quoted the Circuit Court's pronouncement that the case "presents a unique set of facts and circumstances" as indicative that the officer's conduct did not violate a clearly established right. *Id*., 137 S. Ct. at 552 (quoting *Pauly v. White*, 814 F.3d 1060, 1077 (10th Cir. 2016)).

Under the qualified immunity standards as articulated, to demonstrate that Defendants unreasonably detained Gray, Plaintiff must present controlling authority that "*squarely governs*

3

the case here,"[1] and that would have put "beyond debate,"[2] the question of whether Wilburn Gray's Fourth Amendment rights were violated. Plaintiff did not carry this burden. There is no controlling case law involving sufficiently similar circumstances that would apprise every objectively reasonable officer that he had further duties and obligations to ensure a probable cause hearing to a suspect once custody of that suspect is relinquished to another officer and even after he was placed on administrative leave. This case presents a "unique set of facts and circumstances" which require the Court's reconsideration. Accordingly, Deputy Scott Dalton is entitled to the protections of qualified immunity.

Defendants also contested this Court's failure to dismiss the Fourth Amendment detention claims against the County despite the request to do so in the Motion for Summary Judgment. Plaintiff failed to bring forth a policy or custom on which the alleged constitutional violation would be based at that juncture, and has additionally failed to contest the dismissal at this stage. Thus, the Fourth Amendment illegal detention claims against the County are dismissed as well.

Lastly, Defendants ask the Court to reconsider its denial of summary judgment on Plaintiffs' state law wrongful death and gross negligence claims. Earlier, the Court noted that a question of fact exists as to whether Dalton acted with reckless disregard for Betty Gray at the time of the incident. Defendants attempt to characterize the standard used in the Court's Fourteenth Amendment analysis as precluding the Plaintiffs' state law causes of action. The Court will not reconsider this ruling.

---

[1] *Mullenix*, 136 S. Ct. at 309, 193 L. Ed. 2d 255 (quoting *Brosseau v. Haugen*, 543 U.S. 194, 201, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004)).
[2] *Ashcroft v. al-Kidd*, 563 U.S. at 741, 131 S. Ct. 2074 (2011); *White*, 137 S. Ct. at 551.

Defendants' Motion to Reconsider [208] is GRANTED IN PART and DENIED IN PART. The remaining claims will go to trial on March 13, 2017.

SO ORDERED, this the 10th day of February, 2017.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**