IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

THE ESTATE OF BETTY SUE DUNN GRAY,                        PLAINTIFFS
Wilburn Gray, as Administrator of the Estate of
Betty Sue Dunn Gray; WILBURN GRAY, individually
and on behalf of all Wrongful death beneficiaries of
Betty Sue Dunn Gray; RONNIE BROWN,
individually and on behalf of all Wrongful
death beneficiaries of Betty Sue Dunn Gray;
WILLIAM BROWN, individually and on behalf
of all Wrongful death beneficiaries of
Betty Sue Dunn Gray

V.                                                      CIVIL ACTION NO. 1:15-CV-61-SA-DAS

SCOTT DALTON, individually and in his
official capacity as officer for the Alcorn County
Sheriff's Department; CHARLES RINEHART,
in his official capacity as Sheriff of Alcorn County,
Mississippi and as supervisor of Scott Dalton;
ALCORN COUNTY, MISSISSIPPI, a political
subdivision of the State of Mississippi                                  DEFENDANTS

ORDER ON MOTIONS IN LIMINE

Both parties filed numerous motions in limine seeking to strike and exclude various testimony, expert witnesses, and other evidences. The Court notes that pursuant to the Parties' proposed pre-trial order this case is now set for a bench trial. The Fifth Circuit has explained that "the importance of the trial court's gatekeeper role is significantly diminished in bench trials . . . because, there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence." *Whitehouse Hotel Ltd. P'ship v. C.I.R.*, 615 F.3d 321, 330 (5th Cir. 2010) (citing *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000)). Because of the diminished gatekeeper role, and because a number of the pending motions in limine require further development and argument better heard in the course of trial, the Court denies the following motions in limine without prejudice: Motion in Limine to Exclude Illegally Obtained Evidence [125]; Motion in

Limine to Exclude Evidence of Collateral Source Payments [128]; Motion in Limine regarding Statement Contained in the Death Certificate [163]; Motion in Limine to Exclude Evidence Handgun Photo [165]; Motion in Limine to Exclude Evidence of Purported Facebook Post [167]; Motion in Limine to Exclude Photographs of the Decedent [169]; Motion in Limine to Exclude Evidence of Other Past or Pending Civil or Criminal Proceedings against Sheriff Charles Rinehart or any other current or former Alcorn County Employee or Official [171]; Motion in Limine to Exclude Evidence of Alleged Tampering of Dash Cam Footage [173]. Depending on the case ultimately presented at trial, the Parties may re-urge these motions at the appropriate time during trial.

The Parties also presented a number of motions in limine requesting exclusion or limitation of expert witness testimony. In a bench trial, the Court functions as both factfinder and gatekeeper. Nevertheless, the district court must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 113 S. Ct. 2786, 2795, 125 L. Ed. 2d 469 (1993). A number of the issues presented in these motions require consideration under *Daubert*, testimony, and a further review of evidence before the Court can make a determination on admissibility. For this reason, the Court holds the following motions in abeyance until trial: Motion to Strike James Griffin [119]; Motion to Strike J. Elbert Bivens [121]; Motion to Strike Phillip L. Davidson [123]; Motion to Strike Testimony of John Cross [132]; Motion to Strike Testimony of Bill Brister [133]; Motion to Strike Testimony of Bruce Brawner [134].

The Defendants withdrew their Motion in Limine to Exclude Irrelevant Medical Expenses [175] in their Reply [194] rendering this Motion moot.

The remaining outstanding motions in limine are granted per the agreement of counsel: Motion in Limine to Exclude Evidence of Military Service [126]; Motion in Limine to Exclude Evidence of Grand Jury Proceedings [127].

SO ORDERED, this the 31st day of March, 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE